UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ahmad Rashad DENMAN,<br><br>           Plaintiff,<br><br>v.<br><br>Andrew SAUL,<br><br>           Defendant. | Case No.: 19-cv-2441-MMA-AGS<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE** |

Plaintiff has not participated in this case in over six months. In fact, the only thing he has ever done was file the complaint. Despite repeated Court orders and warnings, plaintiff has neither explained his absenteeism nor prosecuted his case. So, this case should be dismissed for failure to prosecute.

## BACKGROUND

Plaintiff filed this case in December 2019. On February 18, 2020, defendant filed the administrative record. (*See* ECF No. 8.) Plaintiff failed to file his opening brief within 35 days of defendant's filing of the administrative record. (ECF No. 9.) This failure violated Civil Local Rule 7.1(e)(6)(e)(1), which the Court previously admonished the parties to follow. (*Id.*; ECF No. 4.) As a result, on April 27, 2020, the Court ordered plaintiff to "show cause in writing [by May 8, 2020] why this case should not be dismissed for failure to prosecute." (ECF No. 9.) Plaintiff did not respond to the order.

1

On May 11, 2020, the Court gave plaintiff another opportunity to "show cause in writing [by May 25, 2020] why this case should not be dismissed for (1) the original failure to prosecute and (2) failing to respond to this Court's April 27, 2020 Order." (ECF No. 10.) This was "plaintiff's last opportunity before the Court recommends the case be dismissed." (*Id.*) Plaintiff did not respond to the second order to show cause, which was issued six months after the initial complaint filing.

## DISCUSSION

"The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). To do so, there must be "unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (citation and quotation marks omitted). The Court must also consider the following factors to determine if a dismissal for failure to prosecute is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Id.* (citation and quotation marks omitted).

**A.   Unreasonable Delay**

Here, there is unreasonable delay. Plaintiff's opening brief was due "within 35 days of the filing of the administrative record [on February 18, 2020]." *See* Civil Local Rule 7.1(e)(6)(e)(1); (ECF No. 8). On April 27, 2020, the Court issued an order to show cause requiring that plaintiff explain by May 8, 2020, why he had not prosecuted this case. (ECF No. 9.) When plaintiff did not respond, a second order to show cause was issued on May 11, 2020. (ECF No. 10.) The second order informed plaintiff that, while permitted more leniency in procedural matters as a *pro se* plaintiff, this would be his last opportunity to respond before the Court recommends the case be dismissed. To date, plaintiff has filed nothing.

**B.     The Five *Olmstead* Factors**

    **1.     *Public's Interest in Expeditious Resolution of Litigation***

"[T]he public interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amlifier*, 191 F.3d 983, 990 (9th Cir. 1999). Since filing the complaint, plaintiff has taken no action on this case in over six months.

    **2.     *Court's Need to Manage its Docket***

Despite lenient standards and an extended timeline, plaintiff has not participated in this case. Efforts to communicate with plaintiff have failed as two orders to show cause received no response and there is nothing to suggest that will change. Thus, the Court's need to manage its docket weighs in favor of dismissal. *See Yourish,* 191 F.3d at 990.

    **3.     *Risk of Prejudice to the Defendant***

"The law presumes injury from unreasonable delay," and thus the risk of prejudice to defendant also weighs in favor of dismissal. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (citation omitted). Although the "pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," grounds for dismissal are judged in part on the strength of plaintiff's reason for default. *Yourish,* 191 F.3d at 991. Here, plaintiff has offered no reason for failing to participate in the case. Defendant is therefore, without justification, unable to prepare his case.

    **4.     *Public Policy Favoring Disposition of Cases on Their Merits***

Public policy favors disposing of cases on the merits, and this factor weighs against dismissal. *But see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). The parties have had no opportunity to investigate the merits of the case. There has been no exchange of discovery or evidence on which the case may be judged.

### 5. *Availability of Less Drastic Sanctions*

As the Court has already attempted less drastic sanctions, this final factor also weighs in favor of dismissal. Two court orders to show cause have failed to result in participation on behalf of the plaintiff who has made no effort to move this action forward. The second order expressly notified plaintiff that failure to participate in the lawsuit would result in the Court recommending dismissal. (ECF No. 10.)

Despite this Court's efforts to encourage plaintiff's counsel to participate in this case, he has taken no action for months. Weighing the various *Olmstead* factors, the Court finds that four factors favor dismissal, and the first, second, and fifth do so strongly. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (upholding a dismissal "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." (alterations and citation omitted)).

## CONCLUSION

Thus, this Court recommends that this case be **DISMISSED** with prejudice for failure to prosecute. By June 25, 2020, the parties must file any objections to this report. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  June 11, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge